**PETERS CAFETERIA, INC., Appellant, v GLANDER, Appellee..**

Board of Tax Appeals.

Before Board of Tax Appeals, Department of Taxation of Ohio..

No. 10902.   Serial No. 50740.   Decided April 1, 1947.

This cause came on for hearing upon an appeal from a sales tax assessment made by the tax commissioner against the appellant in the sum of $2,203.46, including penalty, for the period from July 1, 1939, to February 11, 1943. This cause was heard and submitted upon the transcript of proceedings before the tax commissioner and the evidence.

The appellant operated under a lease with The B. F. Goodrich Company, Akron, Ohio, covering certain spaces in two of the company's plants in which to operate restaurants and canteens for the purpose of serving food to the officers and employees. Appellant was also given the exclusive right of selling meals, lunches, candy, tobacco and beverages within the limits of the two plants. Under this provision appellant operated trucks throughout the plant from which such articles as sandwiches, pastry, candy, gum, tobacco, coffee, milk and soft drinks were sold. The sandwiches and pastry were wrapped in cellophane and the milk and coffee were served in containers. The trucks were pushed through the aisles between machines and work benches and would make stops at certain places where the employees in the vicinity of the trucks would come and make their purchases. These were called factory purchases. The employees would then take the articles purchased and consume them near their machines or other places of work. None of the food purchased was eaten from the trucks or consumed at the trucks. There is no dispute as to the amount of gross sales or as to the taxability of the items sold in the restaurants and canteens, the taxes on which have been paid. The only legal question here involved is whether the food sold from these trucks was sold for consumption off the premises. It was stipulated in the record as follows:

"It is hereby stipulated by counsel for the appellant and the appellee that the gross sales is $1,101,592.33 as found by the audit of the Tax Commissioner as made by the taxpayer during the period involved, to wit, from July 1, '39, to and including February 11, 1943, included truck food sales as described by the appellant witness Charles Dart in excess of $250,000.

"MR. GILL: That's all right. It is further agreed and stipulated by and between counsel that the question involved here is the legal question of whether or not sales of appellant's movable trucks are taxable. If they are held to be taxable, it is agreed that the amount of the assessment found by the Tax Commissioner is correct. If they are held not to be taxable, it is agreed that there is no money owing by the appellant on this sales tax assessment."

The assessment in question was made before the decision of the Supreme Court in the case of **Castleberry v Evatt, 147 Oh St 30, 33 O. O. 197,** 67 N. E. (2d) 861, wherein the Court held:

"Sales of packaged fluid milk by a dairy through vending machines located in an industrial plant over which plant or any part thereof the vendor has and exercises no right of control, but has only the right of ingress and egress to service the vending machines by placing therein milk in containers and removing therefrom the coins inserted by purchasers, are sales of food for human consumption off the premises where sold and are not taxable."

Referring to **Section 12 of Article XII of the Constitution** providing that no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold, the Court said:

"* * * The particular purpose of the amendment seems to have been to tax only sales of food which is sold and served in restaurants or other similar places under the control of the vendor. * * *

"In the instant case, the packaged milk was purchased for consumption off and away from the premises under the control of the vendor. The record discloses that such milk was never consumed at a vending machine but always away from it, and that in at least one of the plants named a rule was enforced which forbade the employees of the plant to congregate about the vending machine or drink milk procured therefrom in the aisles where the vending machines were located.

"The construction of this constitutional provision, as contended for by the appellant, would result in classifying all industrial plants, large or small, within the bounds of which there are any sales of food, as the 'premises where sold,' notwithstanding the fact that the sale is consummated by a vending machine which is the only premises owned or controlled by the vendor."

While that case involved vending machines, the Board finds that the law announced in that case is applicable to the sales from trucks. As in that case, the food here involved was never consumed at a truck, but always away from it. Appellant had no more control over the premises of the company than the appellant in that case had over the premises in which the vending machines were located. The sales here were made at trucks instead of vending machines, which were "the only premises owned or controlled by the vendor." The fact that the stands from which the food was sold were removable did not give the appellant any more control over the

company's premises than if they were stationary, as in the Castleberry case; and in that case the vending machines were from time to time moved to different locations. The Board, therefore, finds that the food sold from the trucks by appellant was sold for human consumption off the premises and that, therefore, such sales are not taxable.

There were items other than food included in the factory sales such as gum, tobacco and soft drinks, which, if the individual sales thereof exceeded eight cents, were taxable; but there is nothing in the record to show the amount of such taxable items or to show whether taxes thereon have been paid. While it may be presumed that by far the greater portion of factory sales consisted of sales of food and sales of other items under nine cents, the Board has nothing before it upon which it could determine the amount of taxable sales which were made from the trucks or as to whether there is anything due from the appellant by reason thereof.

It is, therefore, considered and adjudged by the Board of Tax Appeals that the action herein complained of be, and the same hereby is, modified and that this cause be remanded to the tax commissioner for further proceedings in accordance with this entry for the purpose of determining the amount of such taxable items and the amount, if any, that is due from the appellant for sales taxes during the period herein involved.

Board of Tax Appeals.